NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARTIN AKERMAN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2025-1314

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-25-0140-W-1.

---

Decided:  November 14, 2025

---

MARTIN AKERMAN, I, Arlington, VA, pro se.

CONSTANCE E. TRAVANTY, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before CHEN, CLEVENGER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Martin Akerman, proceeding pro se, appeals from a decision of the Merit Systems Protection Board (Board)

(1) dismissing his suit as barred under collateral estoppel, (2) denying various motions he filed, and (3) declining to certify an interlocutory order for immediate appellate review of those rulings on his motions. *See Akerman v. Dep't of Army*, No. DC-1221-25-0140-W-1, 2024 WL 5162168 (M.S.P.B. Dec. 10, 2024) (SAppx 1–12)[1] (*Decision*). We *affirm*.

BACKGROUND

Mr. Akerman served as a GS-15 Supervisory IT Specialist within the National Guard Bureau (NGB). *See Decision*, 2024 WL 5162168, at 1.[2] On June 10, 2022, he filed an individual right of action (IRA) appeal with the Board, alleging the NGB wrongfully retaliated against him in response to his protected whistleblowing activity. *See Akerman. v. Dep't of the Army*, No. DC-1221-22-0459-W-1, 2022 WL 16712926 (M.S.P.B. Nov. 1, 2022) ('459 proceeding). An administrative judge dismissed his claims for lack of jurisdiction. *See id.*

Mr. Akerman then filed a petition for review with the full Board. Before the Board affirmed the administrative judge's decision on May 29, 2024, Mr. Akerman filed, on March 12, 2024, a new appeal to the Board—the one giving rise to the present appeal—asking to (1) reopen the docket for his original appeal, and (2) initiate a new IRA against the NGB.

On November 19, 2024, the Board, recognizing that it had recently issued a final decision in Mr. Akerman's first appeal, issued an Acknowledgement Order informing Mr. Akerman "that his appeal seems to address the same

---

[1]   "SAppx" refers to the supplemental appendix filed with the Government's Response Brief.

[2]   Because the digital version of the initial decision lacks pagination, we refer to the page number in the original document. *See* SAppx 1–12. "Initial Decision, 2024 WL 5162168, at 1" for example, refers to the first page of the initial decision, located at SAppx 1.

issues that were raised in his prior appeal, and that it therefore may be barred by the doctrines of collateral estoppel or res judicata." *Decision*, 2024 WL 5162168, at 2. The Acknowledgment Order also requested Mr. Akerman to submit any evidence or argument that he had exhausted Office of Special Counsel (OSC) procedures for a new IRA appeal. Mr. Akerman, in response, filed various pleadings and motions, none of which were responsive to the question of collateral estoppel or res judicata. Nor did Mr. Akerman indicate that he exhausted OSC procedures. On November 22, 2024, the Board denied all of Mr. Akerman's motions, finding them to be without merit.

That same day, Mr. Akerman sought immediate appellate review of the Board's rulings on his motions, asking the Board to certify the order for interlocutory appeal. On December 2, the Board denied certification, explaining that Mr. Akerman failed to meaningfully address the criteria for interlocutory review. *See* SAppx 19. And on December 10, the Board dismissed his new IRA appeal as barred under collateral estoppel. *See Decision*, 2024 WL 5162168, at 1. It also barred his request to reopen the docket in the '459 proceeding under collateral estoppel grounds too, finding that Mr. Akerman already raised, and the full Board already addressed, these same arguments in his petition for full Board rehearing. *Id.* at 4–5.

After Mr. Akerman filed his Informal Opening Brief to our Court, but before he filed his Informal Reply Brief, we affirmed the Board in the '459 proceeding. *See Akerman v. Merit Sys. Prot. Bd.*, No. 2024-1912, 2025 WL 720091, at *1 (Fed. Cir. Mar. 6, 2025) (*Akerman I*).

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

We review de novo whether to apply collateral estoppel. *Shell Petroleum, Inc. v. United States*, 319 F.3d 1334, 1338 (Fed. Cir. 2003). We review the Board's rulings on discovery and evidentiary matters for an abuse of discretion. *See Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).

### DISCUSSION

### I

We begin with collateral estoppel. Issue preclusion applies if:

> (1) an issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) the resolution of the issue was essential to a final judgment in the first action; and (4) the party defending against issue preclusion had a full and fair opportunity to litigate the issue in the first action.

*Shell*, 319 F.3d at 1338.

Mr. Akerman does not dispute that his present IRA raises the same issues as those already settled in the '459 proceeding (and by our corresponding appeal of that proceeding). *See generally* Pet'r's Informal Opening Br; Pet'r's Informal Reply. Br; *Akerman I*, 2025 WL 720091, at *2–3. Nor does he dispute that he already litigated, and the Board settled, his request to reopen the '459 docket. Because Mr. Akerman does not respond to the dispositive issue of collateral estoppel, we see no basis for reversing the Board's final decision on the merits.

Mr. Akerman instead attacks the Board's denial of interlocutory certification. *See* Pet'r's Informal Reply 3. In light of his current appeal, that issue is now moot—the Board's proceedings have already ended, giving Mr. Akerman an independent basis for our review. *See* 28 U.S.C. § 1295(a)(9). Granting Mr. Akerman his desired relief would have no impact. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' . . . ."). And because Mr. Akerman's appeal does not identify any error in the Board's adverse rulings regarding various motions he filed there, we need not address them here.

CONCLUSION

We have considered Mr. Akerman's remaining arguments but find them unpersuasive.[3] We therefore *affirm*.

**AFFIRMED**

COSTS

No costs.

---

[3]   Mr. Akerman has also filed various motions to us, only two of which remain pending. In his first pending motion, he requests we summarily reverse the Board's denial of interlocutory certification. *See* ECF No. 38. We deny this as moot for the reasons already identified.

In his second pending motion, he asks us to (1) find that he is entitled to a refund of the filing fee based on a provision in the Uniformed Services Employment and Reemployment Rights Act (USERRA), (2) reconsider our prior August 8 order, *see* ECF No. 39, to the extent it denied summary reversal, and (3) waive the paper copy filing requirement. *See* ECF No. 42.

As to his first request, USERRA waives any fees or courts costs for "any person *claiming rights under this chapter.*" 38 U.S.C. § 4323(h)(1) (emphasis added). But Mr. Akerman has not filed a USERRA claim with the Board, and he identifies to no record cite indicating otherwise—he raised only an IRA.

His second request has become moot for reasons already articulated. His third request has also become moot because we have already waived the paper copy requirement. *See* ECF No. 39.

We accordingly deny his second pending motion.